**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5023**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MICHAEL RUFUS MELTON, a/k/a Head,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:10-cr-00941-RBH-11)

Submitted:  October 10, 2012          Decided:  November 5, 2012

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

A. Jackson Barnes, ALLEN JACKSON BARNES ATTORNEY AT LAW LLC,
Sumter, South Carolina, for Appellant.  Alfred William Walker
Bethea, Jr., Assistant United States Attorney, Florence, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Rufus Melton pled guilty to one count of possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and was sentenced to sixty-six months in prison. In accordance with Anders v. California, 386 U.S. 738 (1967), Melton's counsel filed a brief certifying that there are no meritorious issues for appeal but questioning the district court's findings regarding the quantity of drugs attributable to Melton for sentencing purposes, the court's failure to apply an additional one-level reduction to Melton's offense level for his acceptance of responsibility, and whether Melton's prosecution violated double jeopardy. Although notified of his right to do so, Melton did not file a supplemental pro se brief.

On review of the record, we directed supplemental briefing addressing whether the Government breached the terms of Melton's plea agreement or abused its discretion by declining to move for an additional one-level reduction in Melton's offense level pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1(b) (2010). Conceding its breach of the plea agreement, the Government has moved to vacate Melton's sentence and remand for resentencing. Melton has joined in the Government's motion, and, for the following reasons, we grant the Government's

2

motion, affirm in part, vacate in part, and remand for resentencing.

Looking first to Melton's conviction, we conclude that Melton's parallel prosecution in state court for the conduct supporting this federal conviction does not raise double jeopardy concerns. See United States v. Alvarado, 440 F.3d 191, 196-97 (4th Cir. 2006) (explicating dual sovereignty doctrine). We therefore affirm the conviction.

We do agree with the parties, however, that the Government breached Melton's plea agreement in failing to move for a reduction in Melton's offense level for his acceptance of responsibility under USSG § 3E1.1(b). Because Melton did not claim such a breach in the district court, we review for plain error. Puckett v. United States, 556 U.S. 129, 133-34 (2009). Accordingly, Melton must show not only that the Government plainly breached his plea agreement, but also that he was prejudiced by the error and that "the breach was so obvious and substantial that failure to notice and correct it affect[s] the fairness, integrity or public reputation of the judicial proceedings." United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997) (internal quotation marks and alteration omitted); see United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009).

Here, Melton's plea agreement unambiguously obligated the Government to move for an additional reduction in his

3

offense level under § 3E1.1(b) "if [Melton] qualifie[d] for a decrease under [USSG] § 3E1.1(a)," and requested the district court to consider the agreement as such a motion. Accordingly, because the court granted Melton the benefit of § 3E1.1(a), we find that the Government correctly concedes that it clearly breached Melton's plea agreement by refusing to move for the § 3E1.1(b) reduction. Cf. Dawson, 587 F.3d at 644-48. Concluding that Melton's substantial rights were affected by this breach, we find that he has established plain error and is entitled to the resentencing he and the Government request. Id. Such resentencing will be before a different district court judge.[*] Santobello v. New York, 404 U.S. 257, 263 (1971); see Dawson, 587 F.3d at 648.

Although we vacate Melton's sentence and remand for resentencing, we conclude that judicial resources will be best conserved if we address in this appeal counsel's challenge to the district court's calculation of relevant conduct under USSG § 1B1.3. We review for clear error the district court's factual findings for relevant conduct. United States v. Brooks, 524

---

[*] We emphasize that our decision to direct resentencing before a different judge is in no way a reflection on the able district court judge who originally sentenced Melton; the error here was the Government's. Nevertheless, consistent with our precedent, we conclude that the appearance of judicial neutrality will be best served if the resentencing proceeding is conducted by a judge without prior involvement in this matter.

F.3d 549, 565 (4th Cir. 2008). Here, as Melton concedes, the district court carefully evaluated drug quantity after taking evidence on the issue, rejecting the highest estimation as supported by less reliable evidence. We find no error in the district court's findings in this regard. See United States v. Bell, 667 F.3d 431, 441 (4th Cir. 2011) (holding government must establish drug quantity under preponderance of evidence standard). Therefore, on remand, the sentencing court need not revisit its earlier findings as to relevant conduct, but is not precluded from doing so, should it be so inclined.

In accordance with Anders, we have reviewed the record and have found no other meritorious issues for appeal. We therefore affirm Melton's conviction, grant the Government's motion, vacate Melton's sentence, and remand for resentencing consistent with this opinion and before a different district court judge. This court requires that counsel inform Melton, in writing, of his right to petition the Supreme Court of the United States for further review. If Melton requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Melton. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED